IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED MARTIN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY HEDGPATH, et al.,<br><br>　　　　　　Defendants. | No. C 12-03771 YGR (PR)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANTS WILL/WILLIAM/WILLIAMS AND GEE** |

　　　Plaintiff, a state prisoner, filed the present *pro se* prisoner action under 42 U.S.C. § 1983. The Court issued an Order of Service. Defendants Will/William/Williams and Gee have not been served in this action.

　　　As Plaintiff is proceeding *in forma pauperis* (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990).

　　　Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a *pro se* litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information, the plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why complaint against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided Marshal with sufficient information to serve official or that he requested that official be served).

　　　In an Order dated January 30, 2013, the Court informed Plaintiff that service had been ineffective on various Defendants, including Defendants Will/William/Williams and Gee, and directed Plaintiff to provide the Court with the current addresses for these Defendants within twenty-

eight days of the Order. On March 25, 2013, Plaintiff informed the Court that he was unable to provide the Court with the required information necessary to locate Defendants Will/William/William and Gee; however, he provided the requested information as to the other unserved Defendants. In an Order dated March 28, 2013, the Court granted Plaintiff an extension of time to provide the current addresses for Defendants Will/William/Williams and Gee. Plaintiff was directed to provide the aforementioned information within twenty-eight days of the date of the March 28, 2013 Order, or face dismissal of all claims against these Defendants. More than twenty-eight days have passed, and Plaintiff has failed to provide the Court with the aforementioned required information.

This action has been pending for over 120 days, and service upon Defendants Will/William/Williams and Gee has not been effectuated. Plaintiff has failed to show cause why the claims against Defendants Will/William/Williams and Gee should not be dismissed without prejudice pursuant to Rule 4(m). Accordingly, all claims against Defendants Will/William/Williams and Gee are DISMISSED without prejudice under Rule 4(m).

IT IS SO ORDERED.

DATED: June 25, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**