IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALFRED MARTIN,                                           No. C 12-03771 YGR (PR)

        Plaintiff,

   vs.                                                      **ORDER DENYING MOTION TO DISMISS; AND DIRECTING DEFENDANTS TO FILE A MOTION FOR SUMMARY JUDGMENT**

ANTHONY HEDGPETH, et al.,

        Defendants.

_____/

Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  His motion for leave to proceed *in forma pauperis* has been granted.

Defendants Bowman, Bridgnell, Gamboa, LaDuke, and Walker's motion to dismiss on grounds that Plaintiff has failed to state claims for relief (Docket No. 34) is DENIED.  Plaintiff's allegations, when liberally construed, appear to state claims for relief.  The aforementioned Defendants' grounds for dismissal are more properly raised in a motion for summary judgment, and the parties shall abide by the briefing schedule outlined below.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     Defendants Bowman, Bridgnell, Gamboa, LaDuke, and Walker's motion to dismiss (Docket No. 34) is DENIED.

2.     The following briefing schedule shall govern any motion for summary judgment filed in this action:

     a.     Defendants shall file a motion for summary judgment within **ninety (90) days** from the date this Order is filed.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.

Defendants are reminded that a motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court

For the Northern District of California

in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

       b.      Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.

Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any

1   "factual record" presented by the defendants in their motion to dismiss.  *Wyatt*, 315 F.3d at 1120

2   n.14.  You have the right to present any evidence to show that you did exhaust your available

3   administrative remedies before coming to federal court.  Such evidence may include:

4   (1) declarations, which are statements signed under penalty of perjury by you or others who have

5   personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by

6   a declaration showing where they came from and why they are authentic, or other sworn papers such

7   as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were

8   made under penalty of perjury and they show that you have personal knowledge of the matters state

9   therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed

10  issues of fact with regard to this portion of the case.  *Stratton*, 697 F.3d at 1008-09.

11          (The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve

12  said notices again concurrently with motions to dismiss for failure to exhaust available

13  administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

14          c.      Defendants shall file a reply brief no later than **fourteen (14) days** after the

15  date Plaintiff's opposition is filed.

16          d.      The motion shall be deemed submitted as of the date the reply brief is due.

17  No hearing will be held on the motion unless the Court so orders at a later date.

18      3.      Defendant Morring's motion to change time to file dispositive motion (Docket No.

19  37) up to and including ninety days after the Court rules on Defendants Bowman, Bridgnell,

20  Gamboa, LaDuke, and Walker's motion to dismiss is GRANTED.  As explained above, the

21  aforementioned Defendants' motion to dismiss has been denied; therefore, Defendant Morring shall

22  also abide by the briefing schedule outlined above.

23      4.      This Order terminates Docket nos. 34 and 37.

24      IT IS SO ORDERED.

25  DATED:  July 24, 2013                                    _____

26                                                          YVONNE GONZALEZ ROGERS

27                                                          UNITED STATES DISTRICT COURT JUDGE

28